## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JULIAN VEGA-VALDEZ (true name: Edgar Soto-Chavez)<br><br>　　　　Petitioner,<br><br>　　　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | Civil Case No. 4:16-cv-00040-BLW<br><br>Criminal Case No. 4:13-cr-00048-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is Defendant Julian Vega-Valdez's Motion to Correct or Clarify Judgment (Criminal Dkt. 142), which the Court will construe as a petition to correct his sentence under 28 U.S.C. § 2255 (Civil Dkt. 1). For the reasons explained below, the Court will grant the petition and issue an amended judgment, correcting the defendant's sentence. Under the amended judgment, defendant will be sentenced to a term of incarceration for roughly 60 months, rather than the 70-month term previously imposed.

## BACKGROUND

In January 2014, this Court sentenced Vega-Valdez to 70 months' imprisonment, to be followed by a four-year term of supervised release. The defendant now seeks to "correct or clarify" his sentence. *See Motion*, Dkt. 142. He says the Court intended to sentence him to roughly 60 months' imprisonment instead, which would effectively

**MEMORANDUM DECISION AND ORDER- 1**

credit him with time he spent in jail after the federal detainer was lodged and before he was paroled by the State of Idaho. (The federal detainer was lodged on April 3, 2013 and the State of Idaho paroled defendant on February 10, 2014.) The government agrees that the "the court intended the defendant's sentence to include credit for time back to . . . the date the federal detainer was lodged." *Nov. 15, 2015 Notice of Non-Opposition,* Criminal Dkt. 153. The government further indicates that it will "defer[] to the court as to the proper procedure to correct this error . . . ." *Id.*  In short, then, the government has no objection to defendant receiving a 60-month term of incarceration, rather than the 70-month term imposed. Indeed, the government concedes that this is what the sentencing judge intended to do. Under these circumstances, the Court will grant defendant's petition and issue an amended judgment.

## DISCUSSION

Procedurally, the Court will construe defendant's Motion to Correct or Clarify Judgment (Dkt. 142) as a petition to correct his sentence under 18 U.S.C. § 2255.

Section 2255 provides four grounds that justify relief for a federal prisoner who challenges the fact or length of his detention: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a). Despite this seemingly broad language, "the range of claims which may be raised in a § 2255 motion is narrow." *United States v. Wilcox*, 640

**MEMORANDUM DECISION AND ORDER- 2**

F.2d 970, 972 (9th Cir. 1981).

As noted above, the government concedes that defendant is entitled to the relief sought here.  Further, the government has no objection to the procedure invoked to accomplish this result.  Accordingly, the Court will correct defendant's sentence under 28 U.S.C. § 2255.

## ORDER

IT IS ORDERED that:

1.Defendant Julian Vega-Valdez's motion, which this Court has construed as a Petition to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, is **GRANTED.**

2.The Court will therefore prepare and enter a Second Amended Judgment sentencing Defendant to 59 months and 23 days of incarceration, to be followed by a term of supervised release of four years.  The Second Amended Judgment shall not include any recommendations to the Bureau of Prisons related to credit for time served.  All other terms and conditions of the January 23, 2014 Amended Judgment (Criminal Dkt. 132) shall remain the same.



DATED: February 4, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER- 3**